[Alabama Great Southern Railroad Co. v. Little.]

# Alabama Great Southern Railroad Co. v. Little.

71  611
97  516
71  611
128  543
128  545
128  547

*Action against Common Carrier for Failure to deliver Goods delivered to it for Transportation.*

1. *Common law liability of common carriers; measure of.*—By the common law a common carrier is absolutely liable for the safety of goods entrusted to him for transportation, and is responsible for injuries or losses which can not be directly traced "to the act of God, or of the public enemy, or of the party complaining;" and for goods which he fails to deliver, the measure of his liability is the value of the goods at the place of delivery, at the time when they ought to have been delivered.

2. *Same; to what extent may be limited by special contract.*—It is now well settled that a common carrier may, by special contract, limit or qualify his liability as an insurer, or his common law liability, that is, his liability for losses occurring by unavoidable accidents, not within the exception of "the act of God, or of the public enemy, or the fault of the party complaining," not only touching the risks or accidents for which he is answerable, but also as to the amount of damages for which he will be liable in the event of loss or injury, when the purpose appears to secure a reasonable and just proportion between his liability and his compensation.

3. *Liability of common carrier; when he can not limit or qualify.* But public policy and every consideration of right and justice forbid that a common carrier should be allowed to stipulate for exemption from, or limitation of his liability for losses or injuries occurring through the want of his own skill or diligence, or that of the servants or agents he may employ, or through his or their willful default or tort.

4. *Same.*—Where a common carrier stipulated in a bill of lading, given for alcohol delivered to it for shipment, that, "in consideration of rates inserted, it is agreed that, in case of loss or damage, the same shall be adjusted at a valuation of twenty dollars per barrel," he is liable, in the event of a loss not occurring from the want of ordinary care, skill or diligence, only for the amount expressed; but if the loss resulted from a want of ordinary care, skill or diligence, he is liable for the full value of the goods, as for exemption from this liability he has not stipulated, and the law will not tolerate that he should stipulate.

5. *Bill of lading executed by common carrier; when a special contract.* A bill of lading given by a common carrier, on the delivery of goods to him for transportation, and accepted by the shipper or consignor with knowledge of its contents, or with the opportunity of acquiring knowledge thereof, if he is reasonably prudent, limiting the extraordinay liability of the carrier, is deemed and regarded as a special contract.

6. *Liability of common carrier; presumption of negligence.*—Where goods are lost or damaged, while in the custody of a common carrier under a special contract, and he gives no account or explanation of the loss or injury, a presumption of negligence follows, rendering him liable.

APPEAL from Tuscaloosa Circuit Court.

Tried before Hon. WM. S. MUDD.

This was a suit by James Little against the Alabama Great Southern Railroad Company, a corporation operating a railroad, to recover damages for defendant's failure to deliver a barrel of alcohol, received by it as a common carrier, to be delivered to plaintiff at defendant's depot at Tuscaloosa.

On the trial "plaintiff introduced evidence tending to show that R. Macready and Co. had shipped to him a certain barrel of alcohol, purchased of them, which the Cincinnati Southern Railway Company received in the city of Cincinnati, Ohio, as a common carrier, for delivery to the plaintiff at the Tuscaloosa depot on the line of defendant's railroad, near the city of Tuscaloosa, Alabama. Plaintiff also proved that said barrel of alcohol was worth $104, and that it was delivered to, and received by defendant, as a common carrier, in the city of Chattanooga, Tennessee, and that said barrel of alcohol had never been delivered to the plaintiff." The bill of lading was read in evidence, and a copy thereof is made an exhibit to the bill of exceptions. The terms of the bill of lading, and the other facts disclosed by the evidence, necessary to an understanding of the points decided by the court, are sufficiently stated in the opinion; the point of contention being the proper construction and the effect of a special contract contained in the bill of lading, limiting the defendant's liability.

The Circuit Court, having in its general charge instructed the jury that the special contract, if made in consideration of a reduction in the rate of freight, was reasonable, "further charged the jury as follows: That if they believed from the evidence, that the barrel of alcohol had been delivered to defendant, as a common carrier, for transportation to the Tuscaloosa depot, and that it had never been delivered to plaintiff, then the burden of proof was on the defendant to show affirmatively, that it was not guilty of negligence in the loss of said barrel of alcohol." To this charge the defendant excepted. The defendant then asked the court in writing to charge the jury as follows: "That the act which will deprive a carrier of the benefit of a contract for a limited liability, fairly made, must be an affirmative act of wrong-doing, not merely ordinary neglect in the course of the bailment. It need not necessarily be intentional wrong-doing, but the mere omission of ordinary care, in the safe-keeping and carriage of the goods, is not the misfeasance which will deprive the railroad company of the benefit of the limitations of the contract." This charge the court refused to give, and the defendant excepted. The trial resulted in a verdict and judgment for the plaintiff for the full value of the alcohol.

The rulings of the Circuit Court above noted are here assigned as error.

[Alabama Great Southern Railroad Co. v. Little.]

WOOD & WOOD and S. F. RICE, for appellant. cited *Penn. R. Co v. Henderson*, 51 Pa. St. 315; 8 Penn. St. 479; 16 *Ib.* 67; 30 *Ib.* 242; 32 *Ib.* 414; 53 *Ib.* 140; 63 *Ib.* 14; 24 N. Y. 196; 26 Barb. 641; 25 N. Y. 445; 1 Kern. 485; *Ib.* 192; 17 Wall. 370; *Steele v. Townsend*, 37 Ala. 252; 16 Penn. St. 67; 6 How. (U. S.) 384; 12 How. (U. S.) 280; 30 Penn. St. 242; 55 *Ib.* 140; 29 Barb. 602; 24 N. Y. 181; 49 N. Y. 263; 42 Mo. 88; 32 Md. 333; 17 Mich. 57; 42 Ill. 89; 11 Wall. 129; 18 N. Y. 543. *Magnin v. Dinsmore*, 70 N. Y. 410; *S. C.* 26 Amer. Rep. 610; 43 N. Y. 123;

J. M. MARTIN, *contra*, cited *S. & N. R. R. Co. v. Henlein*, 52 Ala. 606; *Magnin v. Dinsmore*, 70 N. Y. 410; *S. C.* 26 Amer. Rep. 608; *York Co. v. Central R. R. Co.* 3 Wall. 107; Lawson's Con. of Carriers, pp. 158, 159, 435; *Orndorff v. Adams Ex. Co.*, 3 Bush. 194; *Kirby v. Adams Ex. Co.* 2 Mo. 369; *Ill. Cent. R. R. Co. v. Morrison*, 19 Ill. 136; *Steinweg v. Erie R. Co.* 43 N. Y. 123; *S. C.* 3 Amer. Rep. 673.

BRICKELL, C. J.—By the common law a common carrier is absolutely liable for the safety of goods entrusted to him for tranportation; he is responsible for all injuries or losses, which, in the language of the books, can not be directly "traced to the act of God, or of the public enemy, or of the party complaining."—1 Smith's Lead. Cases (7th Amer. Ed.), 411. For goods which he fails to deliver, the measure of his liability is the value of the goods at the place of delivery, at the time at which they ought to have been delivered.—Angell on Carriers, § 482. Proof that goods entrusted to him for transportation and delivery have not been delivered, a reasonable time for transportation and delivery having passed, is *prima facie* evidence of a loss by his fault or negligence, and sufficient to charge him with their value.—*M. & W. P. R. R. Co. v. Moore*, 51 Ala. 394; *S. & N. R. R. Co. v. Henlein*, 52 Ala. 606; Angell on Carriers, § 202.

The liability of a common carrier is sometimes said to be of a dual nature; the one, a liability for losses by his own negligence or omission of duty, or that of his servants or agents, which is the liability of an ordinary paid agent or bailee; the other, a liability for losses by mistake or accident without any fault on his part; for losses occurring by unavoidable accidents, not within the exception of "the act of God, or of the public enemy, or the fault of the party complaining," which is of the nature of the liability of an insurer, having its origin and foundation in the policy of the common law.—*Davidson v. Graham*, 2 Ohio St. 131. Whatever doubts may at one time have been entertained, it is now well settled, that by special contract

the carrier may limit or qualify the liability resting on him as an insurer, or his common law liability, as it is most often expressed.—*Steele v. Townsend*, 37 Ala. 247; *M. & O. R. R. Co. v. Hopkins*, 41 Ala. 486; *M. & O. R. R. Co. v. Jarboe, Ib.* 644; *S. & N. R. R. Co. v. Henlein, supra.* The limitation of liability may extend, not only to the risks or accidents for which the carrier will be answerable, but to the amount of damages for which he is liable in the event of loss or injury, when the purpose appears to secure a just and reasonable proportion between the amount for which he is liable and the freight which he is to receive.—*S. & N. R. R. Co. v. Henlein, supra; S. C.* 56 Ala. 368. In the limitation of liability, the carrier can not, in any event, stipulate for more than an exemption from the extraordinary liability the common law imposes; the liability extending beyond that of ordinary paid agents, servants, or bailees, denominated the liability of an *insurer.* Public policy, and every consideration of right and justice forbid that he should be allowed to stipulate for exemption from liability for losses or injuries occurring through the want of his own skill or diligence, or that of the servants or agents he may employ, or through his own or their willful default or tort.—*Steele v. Townsend, supra; M. & O. R. R. Co. v. Hopkins, supra; M. & O. R. R. Co. v. Jarboe, supra; S. & N. R. R. Co. v. Henlein, supra; R. R. Co. v. Lockwood*, 17 Wall. 357; *N. J. Steam Nav. Co. v. Merchants' Bank*, 6 How. 344. A bill of lading given by the carrier, on the delivery to him of goods for transportation, and accepted by the shipper or consignor with knowledge of its contents, or if he is reasonably prudent, with the opportunity of acquiring knowledge, limiting the extraordinary liability of the carrier, is deemed and regarded as a special contract.—*Steele v. Townsend, supra.*

In the present case, the bill of lading, given on the receipt for the goods which have never been delivered, on its face stipulates, "that, in consideration of rates inserted, it is agreed that, in case of loss or damage, the same shall be adjusted at a valuation of twenty dollars per barrel." The bill of lading carefully stipulates for the exemption of the carrier issuing it, if the freight was delivered to a connecting line for transportation to its destination; and there are several of its stipulations that might provoke remark, as to the care with which the carrier receiving the goods was seeking to absolve itself and its associates in transportation from all liability. We confine ourselves to the case before us. The shipment was of a single barrel of alcohol, and its delivery in good order to the appellant, a connecting line with the carrier issuing the bill of lading, for transportation to a station on the appellant's line of road, is an undisputed fact. The fact is also undisputed, that a reasonable time for transporta-

tion and delivery having passed, on demand, the barrel was not delivered to the consignee, nor was any explanation given for the failure to deliver. There was no pretense of its loss by accident of theft, nor that any cause intervened which absolved the appellant from the duty of delivery, if it had been a gratuitous bailee.

The affirmative instruction given by the Circuit Court recognizes the reasonableness of the limitation as to the amount of damages for which the carrier or its associate in transportation was liable in the event of loss, if it was made in consideration of reduced freight; but affirms that if there was delivery to the appellant, and a failure to deliver at the point of destination, the burden of proof was on the appellant to acquit itself of negligence because of the failure to deliver. The general rule, applicable to all bailees of goods, chargeable with losses or injuries occurring from negligence, is, that if upon demand made, they fail to deliver, and do not account for the failure, negligence will be imputed, and the burden of proving a loss without the want of ordinary care is devolved upon them.—*Seals v. Edmondson, ante,* p. 509. When the risks or accidents for which a common carrier is liable are limited by a special contract, the burden of proof rests on the carrier to show, not only that the cause of the loss was within the terms of the limitation, but also that, on his own part, there was no negligence. "The correct view," said R. W. WALKER, J., in *Steele v. Townsend, supra,* "is, that the loss is not brought within the exception, unless it appears to have occurred without negligence on the part of the carrier; and, as it is for the carrier to bring himself within the exception, he must make at least a *prima facie* showing that the injury was not caused by his neglect." In 2 Greenleaf's Evidence, § 219, it is said: "In all cases of loss by a common carrier, the burden of proof is on him to show that the loss was occasioned by the act of God or by public enemies. And if the acceptance of the goods was *special,* the burden of proof is still on the carrier to show, not only that the cause of the loss was within the terms of the exception, but also that there was, on his part, no negligence or want of due care." The carrier can not stipulate for an absolute, unqualified exemption from all liability, nor can he stipulate that he will answer, in any and all events, only for a sum less than the value of the goods, because, in consideration of reduced rates of freight, the shipper may assent to it. For immunity from liability for his own frauds no bailee can stipulate; "for no man shall contract to be safely dishonest."—Story on Bailments, § 32. This is the rule as to bailees who do not exercise public employments, who are not bound to the duty of serving all who may require their services, who may select their own customers, and

by contract determine and fix the terms and conditions upon which services will be rendered. A common carrier exercises a public employment, is bound to the duty of receiving and carrying for reasonable rates all goods offered for transportation. Story on Bailments, § 508. Standing in this relation, no contract can be made by him, which will relieve him from liability for the want of the care and diligence which is exacted of other paid bailees. Limitations or restrictions upon their liability are taken most strongly against them, and, however general the terms in which they are expressed, are not so construed as to relieve them from liability, if they do not exercise ordinary care, skill and diligence—the care and diligence prudent men in similar circumstances usually exercise in the management of their own business.—*Hooper v. Wells*, 27 Cal. 11. Conceding full effect to the limitation found in this bill of lading, the carrier, in the event of a loss not occurring from the want of ordinary care, skill and diligence, would be liable only for the amount expressed. That is the extent of the liability as an insurer. But for the want of ordinary care, skill and diligence, from which a loss results, he is liable for the value of the goods, as would be any other paid bailee or agent, and for exemption from this liability he has not stipulated, and the law will not tolerate that he should stipulate. The presumption that the goods were lost from his want of diligence, is more favorable than any other which can reasonably be indulged. The delivery of the alcohol to him in good condition for safe transportation is undisputed, and for a failure to deliver at the point of destination no excuse or explanation is offered. If a bailee, having possession, the care and control of goods, will not or can not account for a refusal or failure to deliver, the presumption is not violent that he has been negligent, if he has not wrongfully converted, or wrongfully retains them. The better authorities, we are of opinion, maintain that when goods are lost or damaged, while in the custody of the carrier under a special contract, and he gives no account or explanation of the loss or injury, a presumption of negligence follows of course, for which he is liable.—*Furnham v. C. & A. R. R. Co.*, 55 Penn. St. 53; *Am. Express Co. v. Sands*, *Ib.* 140.

The charge requested was extracted almost literally from the closing sentence of the court in *Magnin v. Dinsmore*, 70 N. Y. 410, (S. C. 26 Am. Rep. 608). The case belongs to that class of cases in the New York courts, reviewed in *Railroad Company v. Lockwood*, 17 Wall. 357, which holds that common carriers may stipulate for exemption from liability for the negligence of themselves or their servants. That rule has not prevailed in this court; on the contrary, we have adhered to the doctrine, that a contract by which a carrier undertakes to

[Alabama Great Southern Railroad Co. v. Little.]

limit his common law responsibility, can not be employed to relieve him from losses or damages resulting from his negligence.

We find no error in the rulings of the Circuit Court, and its judgment is affirmed.