# Jones *v.* Cincinnati, Selma & Mobile Railroad Co.

*Action against Railroad Company, for Loss of Goods.*

1. *Liability of railroad company, as common carrier, for loss of goods consigned to place beyond terminus of its road.*—When a railroad company gives a bill of lading for goods received for transportation, to be delivered at a place beyond the terminus of its own road, it is bound to deliver them safely at their ultimate destination, and is liable for their loss at any point on the route; but it may, by express agreement, or stipulation in the bill of lading, limit its liability to loss or injury suffered on its own line.

2. *Same; inability of consignor to read, as affecting special stipulation in bill of lading.*—An express stipulation in a bill of lading, limiting the carrier's liability to loss or injury suffered on his own road, is binding on the consignor notwithstanding his ignorance and inability to read, when it is not shown that the carrier was informed of such ignorance, or asked to read and explain the bill of lading.

[Jones v. Cincinnati, Selma & Mobile R. R. Co.]

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

This action was brought by Jim Jones against the appellee, as a common carrier, to recover damages for the loss of a package or bundle of goods, containing blankets, &c., which was delivered to the defendant at Greensboro, for transportation to Birmingham, and safe delivery there to plaintiff; and was commenced in a justice's court, on the 13th February, 1889. On appeal to the Circuit Court, that court charged the jury, on the evidence adduced, that they must find for the defendant. The plaintiff excepted to this charge, and here assigns it as error.

COLEMAN & COLEMAN, for appellant. (No brief.)

HARRISON & LIGON, contra, cited M. & W. P. Railroad Co. v. Moore, 51 Ala. 394; Steele & Burgess v. Townsend, 37 Ala. 247; Hawkins v. Hudson, 45 Ala. 482; Goetter v. Pickett, 61 Ala. 387; Dawson v. Burrus, 73 Ala. 111; Railroad Co. v Meyer, 78 Ala. 597.

STONE, C. J.—This case comes before us on uncontroverted facts. The appellant delivered to the appellee railway company, at Greensboro, Ala., two boxes and one bundle of household goods, and received therefor a bill of lading, signed by the defendant's depot-agent, describing the packages, and stating they were consigned to Jim Jones, at Birmingham, Ala., "to be transported by the Cincinnati, Selma & Mobile Railway Company, and connecting rail, water, or other carriers, until they reach the station or wharf nearest to ultimate destination." The bill of lading contains the following clause: "It is mutually agreed, in consideration of the rates herein guaranteed, that the liability of each carrier, as to goods destined beyond its own route, shall be terminated by proper delivery of them to the next succeeding carrier."

The defendant railway company's line did not extend to Birmingham, but terminated at Akron, a station on the line of the Alabama Great Southern Railroad Company. Freight shipped to Birmingham from Greensboro, by defendant's line, passed, at Akron, from its line to that of the Alabama Great Southern, as the connecting railway to Birmingham. It is admitted that the freight reached Akron in safety, and was there delivered to the Alabama Great Southern Rail-

[Jones v. Cincinnati, Selma & Mobile R. R. Co.]

road Company, to be transported to Birmingham. It never reached the latter place, and was lost to plaintiff.

*Muschamp v. Railroad*, 8 Mees. & Wels. 421, is a leading case on one feature of the question presented by this record. We followed that case in *Mobile & Gir. R. R. Co. v. Copeland*, 63 Ala. 219. Our ruling was, that when a railroad company gives a bill of lading for goods to be delivered beyond its own route, and does not, by express agreement, limit its liability to loss or injury suffered on its own line, it thereby binds itself for the safe delivery of the goods at their ultimate destination, whether the injury or loss was suffered on its own line, or on that of another connecting one. And that may be regarded as the general doctrine on the subject, whenever there is no agreement which varies the rule.

It has come to be customary, however, for railroads, when goods are received for transportation, which must pass over two or more connecting roads before reaching the place to which they are consigned, to insert a clause similar to the one found in the bill of lading before us—that is, a clause which limits the liability of each connecting road to loss or injury suffered while on its line, and until the goods are safely delivered to the next connecting line. And we have held that, when a bill of lading containing such clause is tendered to the shipper at the time he offers his goods for shipment, and is accepted by him, and the goods shipped, this is a legitimate limitation on the measure of the carrier's liability, and becomes a part of the contract, binding on each of the contracting parties.—*Ala. Gr. So. R. R. Co. v. Thomas*, 83 Ala. 343. And the following authorities assert a similar principle: *Steele v. Townsend*, 37 Ala. 247; *M. & W. R. R. Co. v. Moore*, 51 Ala. 394; *M. & E. Railway Co. v. Culver*, 75 Ala. 587; *Ala. Gr. So. R. R. Co. v. Mt. Vernon Co.*, 84 Ala. 173; *L. & N. R. R. Co. v. Sherrod*, 84 Ala. 178; *Cen. R. R. Co. v. Smitha*, 85 Ala. 47.

The principle announced in *M. & G. R. R. Co. v. Copeland*, *supra*, together with the right to limit the liability as declared in *Ala. Gr. So. R. R. Co. v. Thomas*, *supra*, may be declared to be the general doctrine in the United States, except in a few States which prohibit the limitation by statute.—Hutchinson on Carriers, §§ 151 to 154, inclusive; note to *Cole v. Goodwin*, 32 Amer. Dec. 495 to 507; note *F. & M. Bank v. Champ. Trans. Co.*, 56 Amer. Dec. 84; *R. R. Co. v. Lockwood*, 17 Wall. 357; *Nutting v. Conn. Riv. R.*

*R. Co.*, 1 Gray, 502; *Darling v. Railroad Co.*, 11 Allen, 295; *Pack v. Taylor*, 35 Ark. 402; *Earnest v. Express Co.*, 1 Woods, 573; *Stewart v. Terre Haute & I. R. Co.*, 1 McCreary, 312.

It is contended for appellant, that the principle declared in *Thomas' Case* should not be applied to this, because he could not read, and therefore did not know the limiting clause was in the bill of lading. In *Davis v. Willan*, 1 Starkie's Rep, 279, an attempt had been made to limit a carrier's liability, by notice posted. All the authorities agree, to constitute notice thus given an element of a contract afterwards made, it must be shown that the notice was brought to the knowledge of the party sought to be affected by it. Davis could not read, and the posting was held not to amount to notice as to him. In *Camden & Amboy R. R. Co. v. Baldauf*, 16 Penn. St. 67, the same doctrine was asserted. Those cases went off on the question of notice, and it was held that actual notice was necessary. In this case, the limitation of liability was and is an element, a stipulation of the contract itself. We hold the plaintiff bound by the stipulation. If it is a hardship on him, we think to hold otherwise would tend to very bad and embarrassing general results. If the plaintiff could not read, he should have informed the agent, and asked an explanation of the terms of the bill of lading. Better that he should suffer an individual loss, than to declare a rule, the evil consequences of which can not be well foreseen.—*Goetter v. Pickett*, 61 Ala. 387; *Dawson v. Burrus*, 73 Ala. 111; *Grace v. Adams*, 100 Mass. 505; Wheeler, Carriers, 22–3.

The case of *L. & N. R. R. Co. v. Meyer*, 78 Ala. 597, stands on its own peculiar principles, and is distinguishable from this.

Affirmed.