# Mount Vernon Co. *v.* Ala. Gt. Southern Railroad Co.

*Action against Railroad Company, as Common Carrier, for Cotton Burned.*

1. *Delivery of goods, as between receiving and connecting carrier; custom, or usage.*—If, by custom or course of dealing between the receiving and the next connecting carrier, loaded cars are switched off by the former on a side track of the latter's road, for immediate transportation, this amounts to a delivery without further notice; but, if they are to remain on the side track until a way-bill is furnished, or shipping directions are given, there is no delivery to the connecting carrier until this is done, and he is not liable for the loss of the goods by fire while on the platform.

[Mt. Vernon Co. v. Ala. Great Southern Railroad Co.]

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This action was brought by the Mount Vernon Company, against the Alabama Great Southern Railroad Company; and sought to recover damages for failing to deliver certain cotton, alleged to have been delivered to the defendant for shipment. The facts are set out in full in the opinion of this court. On all the evidence, the court gave the general affirmative charge for the defendant; and there being judgment for the defendant, the plaintiff brings this appeal, and assigns the rulings of the court in giving this charge as error.

W. H. DENSON, for appellant.—The general affirmative charge for defendant should not have been given.—*Rwy. Co. v. Lazarus*, 88 Ala. 453; *Daniel v. Hardwick, Ib.* 557; *Sublett v. Hodges, Ib.* 491; *R. R. Co. v. Bradford*, 86 Ala. 575; *Rabbitt v. Orr*, 83 Ala. 329; *Ins. Co. v. Ins. Co.*, 81 Ala. 329; *Tait v. Murphy*, 80 Ala. 440; *Dunlap v. Steele, Ib.* 424; *R. R. Co. v. Kolb*, 73 Ala. 396; *A. G. S. R. R. Co. v. Mt. Vernon Co.*, 84 Ala. 173; *R. R. Co. v. Smyer*, 87 Amer. Dec. 301; *Hickox v. R. R. Co.*, 83 *Id.* 143; 1 Thompson on Trials, § 1058.

L. A. DOBBS, *contra*, cited *A. G. S. R. R. Co. v. Mt. Vernon Co.*, 84 Ala. 173; *Melbourne & Troy v. L. & N. R. R. Co.*, 88 Ala. 443.

CLOPTON, J.—The single assignment of error goes to giving the general affirmative charge on the written request of defendant. The principles, which govern the propriety of such a charge, are well settled. A party has a right to require an instruction as to the legal effect of the evidence, when it is in harmony, and different inferences can not be reasonably drawn therefrom, or, if conflicting in some respects, when the undisputed facts or those clearly proved, allowing all adverse inferences from the conflicting evidence, establish a legal conclusion in his favor. The suit being founded on defendant's liability as a common carrier, for an alleged failure to deliver the cotton to the order of the consignors, or to the next succeeding carrier, the burden is on the plaintiff to show that defendant received the cotton in the capacity of a common carrier.

The undisputed facts are: The East Alabama Railway Company received the cotton, and issued a bill of lading for through transportation, from Gadsden, Alabama, to Mount Vernon Switch, Maryland, over its own and connecting roads.

[Mt. Vernon Co. v. Ala. Great Southern Railroad Co.]

The receiving carrier carried the cotton from Gadsden to Attalla, at which place the lines of the two companies connected; and the car containing the cotton was placed upon a side track of defendant, the East Alabama Railway Company having no side track at that point. No notice was given to defendant's agent at Attalla, that the cotton was placed on the side track for through shipment, nor was there any mark of the name and address of the consignee, nor any way-bill or shipping directions sent with the cotton, or to the agent of defendant, until after the cotton was burned, which occurred during the night of the third day after its arrival at Attalla.

The duties and obligations of a common carrier do not commence until there has been a complete delivery of the goods—until they are placed in his custody and under his exclusive control for immediate transportation. Though the goods may be delivered, if transportation is to await shipping orders or directions, or some act to be done by the consignor before they are forwarded; or, if they can not be at once put *in transitu*, because of the failure of the shipper to give shipping orders or directions, the carrier is liable only as bailee, until such orders and directions are given, or until he is informed to what place the goods are to be forwarded, and to whom delivered. The strict responsibility of a common carrier arises concurrently with the duty of immediate transportation; and this duty does not arise so long as any thing remains to be done by the consignor before the goods can be intelligently started on the route to their destination.—*Barnes v. Eldridge*, 100 Mass. 455; *O'Neill v. N. Y. Cen. & H. R. R. R. Co.*, 60 N. Y. 138; Hutchinson on Carriers, §§ 82–88. The same rule is applicable in the case of connecting carriers. The responsibility peculiar to a common carrier is not devolved on the next connecting carrier, until the receiving carrier has delivered the goods to the former with directions for their shipment—the place of destination, and to whom consigned. Until this is done, the relation of common carrier is not established between the shipper and the connecting carrier.—2 Am. & Eng. Encyc. of Law, 869, and notes. We declared these principles when the case was before us on the former appeal.—84 Ala. 173. The undisputed facts, if there be nothing modifying the application of the foregoing principles, are not only insufficient to authorize the inference that defendant received and accepted the cotton for transportation as a common carrier, but affirmatively show that it was not so received and accepted.

Plaintiff, however, insists, that the affirmative charge should not have been given, on the alleged ground, that there is evidence tending to show a special course of dealing between the

East Alabama Railway Company and defendant, according to which the deposit of loaded cars on the side track of defendant was considered and treated as a delivery for transportation, and was tantamount to such notification. The rule, as laid down in this State, is that the delivery may be varied by usage or a particular course of dealing between the carrier, and the shipper. If there be proof of the habitual practice of defendant to receive goods for immediate transportation by the deposit of the car containing them on its side track, without other notice, or shipping orders or directions by way-bill or otherwise, such deposit of the car would constitute a constructive delivery and acceptance.—*Mont. & Eufaula Rwy. Co. v. Kolb*, 73 Ala. 396. The practice, however, must be so constant and continuous as to be the equivalent of a usage. A custom or usage, in order to ascertain its scope and operation, should be construed in view of the general principles of law relating to the subject-matter. Proof of the particular course of dealing, its nature and terms, must be clear and convincing, and nothing presumed to be within its terms, which is not clearly implied. The evidence as to this question consists of the testimony of two witnesses, the assistant agent at Gadsden, and the general manager and agent of the East Alabama Railway Company. The former testifies, that defendant frequently received cotton from the East Alabama Railway Company, and shipped it as far as the Chattanooga compress without a regular way-bill, afterwards telegraphing for shipping directions; and the latter testifies, that it had been the custom for several years to make deliveries of cars on a side track of defendant, and that, acting for the East Alabama Railway Company, he had shipped several thousand bales of cotton during the cotton season, and delivered the same to defendant at Attalla in the same way in which he delivered the cotton in question, and never heard a complaint about it. The first witness confines his statement to transportation as far as the Chattanooga compress without a regular *way-bill*. He cautiously omits to state that no order or direction was otherwise given. If not, how could defendant have known that the cotton was to be carried to or as far as the Chattanooga compress? The second witness does not state that defendant accepted cotton in cars placed on its side-track for through transportation without a way-bill, or other orders or directions as to shipment; on the contrary, he says he paid but little attention to this, as it was done through his assistant, and defendant's agent at Attalla. It may be, that when a way-bill accompanied the cotton, or shipping orders or directions were given, that defendant received the car on the side track, and yet did not

[Geo. Pacific Railway Co. v. Davis.]

accept it unless or until a way-bill was sent, or shipping instructions given, as testified to by defendant's agent at Attalla. The testimony is not in conflict in this respect. Giving to the evidence its most extended effect, it only shows that it was customary for the East Alabama Railway Company, having no side track, to place cars loaded with cotton on a side track of defendant, and for defendant, when commencing the transportation over its road, to take the car from that point, without requiring further or other delivery. It falls short of showing a course of dealing by which merely placing the car containing the cotton on the side track devolved on defendant the duty of immediate transportation, or constituted a complete delivery, before a way-bill or other shipping directions were furnished. It would be unjust and unreasonable to impose on defendant the stringent liability of a common carrier, when not informed to what place the cotton was to be taken, and to whom consigned, by reason of the failure or neglect of the receiving carrier—such can not and ought not to be presumed to be within the terms of the course of dealing. Conceding all the inferences, which may be reasonably drawn from the evidence, and giving the usage its fullest scope, as we said on the former appeal, "the defendant became the depository or bailee of loaded cars placed on its side track, until further orders or directions were given."

Affirmed.