# Southern Ry. Co. *v.* Levy.

*Action against Common Carrier for Failure to Deliver Goods Shipped in Good Condition.*

[DECIDED FEB. 16, 1905.]

1. *Action Against Common Carrier; Sufficiency of Plea Setting up Exemption from Liability.*—In an action brought against a common carrier to recover damages for failure to deliver goods shipped over its line in good condition, a special plea which avers that the defendant was the delivering carrier, and the goods shipped over its lines was delivered to another carrier in a distant state to be transported to the place of destination, and that in the bill of lading issued by the receiving carrier it was stipulated therein that the carrier should be exempt from loss resulting from fire, and that the property described in the complaint was damaged or destroyed by fire, through no fault or negligence on the part of the defendant, such plea presents a good defense and is not subject to demurrer upon the ground that it did not allege that the shipper received said bill of lading prior to or contemporaneous with the receipt of the goods by the carrier.

APPEAL from Mobile Circuit Court.
Heard before the Hon. WILLIAM S. ANDERSON.

[Southern Ry. Co. v. Levy ]

This suit was brought by complainant J. M. Levy against the Southern Railway Company to recover damages for failure to deliver in good order and condition certain goods which were assigned to the plaintiff, and which were shipped over defendant's railway lines; the defendant being the delivering or discharging carrier.

The facts in reference to the only question decided upon the present appeal are sufficiently shown in the opinion. From a judgment in favor of plaintiff the defendant prosecutes this appeal, and assigns as error among other rulings of the trial court the sustaining of the plaintiffs demurrer to defendants special plea.

BESTOR & GRAY, for appellant.—It is well settled, that by special contract the carrier may limit or qualify the liability resting on him as an insurer or, his common law liability as it is most often expressed. · The limitation of liability may extend, not only to the risks or accidents for which the carrier will be answerable but to the amount of damages for which he is liable in the event of loss or injury.—*L. & N. R. R. v. Oden,* 80 Ala. 38; *L. & N. R. R. v. Touart,* 97 Ala. 514; *A. G. S. v. Little,* 71 Ala. 611. A provision in a bill of lading exempting the railroad company from loss or damage by fire to goods shipped, will be sustained, unless the loss resulted from want of skill or from the negligence of the agents of the company.—*L. & N. R. R. v. Oden,* 80 Ala. 38; *L. & N. R. R. v. Touart,* 97 Ala. 514.

GREGORY L. & H. T. SMITH, for appellee.—The special plea in this case was subject to demurrer because it did not allege the receipt of the bill of lading by the shipper prior to or contemporaneous with the receipt of the goods by the carrier.—*L. & N. R. R. Co. v. Myer,* 78 Ala. 600; *Jones v. Cincinnati S. & M. R. Co.,* 89 Ala. 378. In order for an exemption from liability to be binding on the shipper it is necessary that the bill of lading exempting the carrier from liability should be delivered and received by the shipper at the time the goods are delivered to the carrier.—*L. & N. R. R. Co. v. Jones,* 100 Ala. 265; *Montgomery & E. R. R. Co. v. Culver,* 72 Ala. 588.

HARALSON, J.—The rule of law, as elsewhere expressed is, that "By the common law a common carrier becomes absolutely liable for the safety of goods intrusted to him for transportation, and responsible for any loss or injury to the goods, not caused by the act of God, or of the public enemy, or by the fault of the party complaining; and when loss or injury happens a *prima facie* presumption of negligence arises, and the burden is on the carrier to exempt himself from liability. By special contract, however, this common law liability may be limited, but not to the extent of exempting the carrier from responsibility for loss or damage caused by his own negligence. In an action against the carrier as such, to recover damages for the loss of goods, a *prima facie* case is made by proof that the carrier received the goods for transportation and failed to deliver them safely; and if the carrier claims exemption from liability under a special contract, he must show to the reasonable satisfaction of the jury, not only that the cause of loss was within the limitation of the contract, but also, that the loss and the cause of loss were without negligence on his part.—*L. & N. R. Co. v. Cowherd,* 120 Ala. 57.

It has also been well decided, that when a common carrier gives a bill of lading for goods,—as was done in this case,—to be delivered beyond its own route, and does not by express agreement, limit its liability to loss or injury suffered on its own line, it thereby binds itself for the safe delivery of the goods at their ultimate destination, whether the injury or loss was suffered on its own line, or on that of another connecting line. It is customary, therefore, for such companies to insert in a bill of lading, a clause which limits the liability of each connecting road or line, to loss or injury suffered while on its line, and until the goods are delivered to the next connecting line; but the bill of lading, with such a clause limiting liability, should be tendered to the shipper at the time he offers his goods for shipment. If so tendered and accepted by him, and the goods are shipped this is a legitimate limitation of the measure of the carrier's liability, and becomes a part of the contract, binding on the contracting parties. If the shipper contem-

poraneously with the delivery of the goods to the carrier, does not receive a bill of lading from the carrier limiting its common law liability, the carrier will be bound to deliver the goods safely, except as relieved at common law.—*L. & N. R. Co. v. Meyer,* 78 Ala. 597; *Jones v. C. S. & M. R. Co.,* 89 Ala. 378; *L. & N. R. Co. v. Cowherd, supra; Mouton v. L. & N. R. Co.,* 128 Ala. 544; *L. & N. R. Co. v. Touart,* 97 Ala. 517.

The original complaint claimed $100.00 damages for a failure to deliver in good order and condition the goods shipped. In the circuit court the defendant pleaded the general issue, and specially, that the goods were delivered to the Mercantile & Illinois Transportation Company, in the city of Boston, to be transported to Mobile, and that said receiving carrier issued its bill of lading for the goods, and stipulated therein exemption from fire, and that the property described in the complaint was damaged or destroyed by fire, through no fault or neglect on the part of the defendant, wherefore it says it is not liable in this action.

The plea was demurred to, because it did not allege the receipt of the bill of lading by the shipper prior to or contemporaneous with the receipt of the goods by the carrier. This demurrer was sustained.

The bill of lading offered in the evidence contained a clause exempting the carrier from liability for fire, and also provided that, "If the shipper elects not to accept the said reduced rates and conditions (referring to the limitation by fire among others) he should so notify the agent of the receiving carrier in writing at the time his property is offered for shipment, and if he does not give such notice, it will be understood that he desires the property carried subject to the standard bill of lading conditions, in order to secure the reduced rate thereon." The plea did not allege that the consignor accepted the bill of lading without giving such notice, and there was no evidence that the shipper notified the agent of the carrier in writing that he elected not to accept the reduced rates and conditions.

The demurrer to the plea was improperly sustained. The plea set up a good defense. If, as a matter of fact, the bill of lading was issued subsequent to the shipment

of the goods, so that the shipper could not have received them, if he had objected to the terms of the instrument when tendered, that would have been a matter of special replication to the plea. Under the plea, however, the delivery of the goods and the issuance of the bill of lading will be regarded as cotemporaneous.—4 Am. & Eng. Ency. Law, (2nd ed.) 517, and cases cited in note; 6 Cyc. 405-6-7; *Germania F. Insu. Co. v. M. & C. R. Co.,* 72 N. Y. 90.

In the case of *L. & N. R. Co. v. Meyer,* 78 Ala. 597, relied upon by the plaintiff below to sustain his demurrer to defendant's special plea, is not applicable. In that case, it appears that the bill of lading was not delivered to the consignor contemporaneously with the delivery of the goods to the carrier for shipment, but was afterwards forwarded to him by mail at the place of destination.

As the other questions raised by assignments of error will not likely arise on another trial, we forego their consideration.

Reversed and remanded.

McCLELLAN, C. J., DOWDELL and DENSON, JJ., concurring.