## BEAN *vs.* GREEN *& al.*

Where one established a line of stages, and posted notices " that he would not be accountable for any baggage, unless the fare was paid and the same was entered on the way bill." *Held*, nevertheless, that he was liable for the loss of a trunk through negligence, though the fare was not paid ; a knowledge of the notice not having been brought home to the owner of the trunk, or his servant who carried it to the stage office.

*Held*, further, that a knowledge of said notice by the post master, to whom the trunk was delivered by the plaintiff's servant, to be delivered to the stage driver, would not affect the owner of the trunk ; that knowledge not having been communicated to him by the post master, or to his servant.

THIS was an action on the case brought against the defendants, as common carriers, for the loss of a trunk and its contents, through the alleged negligence of the defendants.

It appeared in evidence, that the defendants were jointly concerned in running a stage between *Bangor* and *Milburn*, by which the mail was carried. The plaintiff, who resided at *Cornville*, having proceeded himself to *Bangor*, left his trunk to be forwarded with its contents by the defendants' stage. The trunk was taken, by a member of the plaintiff's family, to the post office, delivered to the post master with a request that he would deliver it to the stage driver, directing him to leave it at the post office in *Bangor*, which the post master did ; but the trunk was lost and not delivered at *Bangor*.

The defendants shew, that when they established their line of stages they posted notices in divers places, and among them at the post office aforesaid, " that they would not be accountable for any baggage, unless the fare was paid and the same entered on the way bill." And it was admitted in this case that the fare had not been paid. The post master had knowledge of the defendants' advertisements, but he did not communicate it to the plaintiff or to the person who brought the trunk to his office.

On this evidence the defendants' counsel contended, that *Smith*, the post master, having knowledge of said condition at the time the trunk was left at his office, the carrying of the trunk was subject to the condition, and requested the Court so to instruct the jury. But *Ruggles J.*, before whom the cause was tried in the Court of Common Pleas, instructed the jury that the

knowledge of the post master of the said advertised condition not being communicated to the plaintiff, or to the person leaving it at his office, did not subject the carrying of said trunk to the condition; and left it for the jury to decide, whether the plaintiff had knowledge of the published condition before the trunk was taken by the defendants' servant to be carried as aforesaid. The verdict being for the plaintiff, the defendants' counsel took exceptions to the ruling of the Judge and brought the cause into this Court.

*Rogers,* for the defendants, contended that the post master was to be regarded as the agent of the plaintiff, and that notice to him was equivalent to notice to the principal. 7 *Johns.* 44 ; 1 *Term R.* 205 ; 4 *Term R.* 66 ; 16 *Johns.* 86 ; 2 *Stark. Ev.* 54 ; 1 *Term R.* 16 ; 5 *East,* 498 ; *Com. Dig. Title Factor* ; 2 *Stark.* 60 ; 4 *Taunt.* 565 ; 13 *Ves.* 120.

*Moody,* for the plaintiff, cited the following authorities : 5 *Peters. Abr.* 95 ; 5 *East,* 428 ; 5 *East,* 507 ; 2 *Stark.* 279, 337 ; *Story on Bailments,* 338 ; 2 *Stark.* 234 ; 1 *Pick.* 50 ; 2 *Camp.* 414 ; 4 *Maryland Rep.* 817.

WESTON C. J. — The attempt on the part of common carriers, to limit and qualify the liability imposed upon them by the common law, although to be sustained when notice of it is clearly carried home to the knowledge of the party to be affected, is not to be favored or extended ; and courts have not unfrequently expressed their regret that it had ever been permitted. The cases cited by the counsel for the defendants, establish the doctrine, that notice to the porter, messenger, or agent, by whom the parcel or package is sent by the owner, is notice to him. But we cannot regard the post master as being the agent of the owner, within the meaning of this rule. He might, with at least equal propriety, be deemed the agent of the defendants. The Judge below was right, therefore, in declining to instruct the jury, that the knowledge of the post master was constructive notice to the plaintiff. The exceptions are accordingly overruled.

*Judgment on the verdict.*