## The American Express Company
### *v.*
### Mary E. Perkins.

1. Common Carriers—*to what extent insurers.* Where a package, containing articles of a brittle nature, is delivered to an express company to be transported from one point to another, and the company are not informed what the package contains, in order that a degree of care may be used proportionate to its fragile character, the company will not be liable to the extent of common carriers.

2. Same—*must be treated in good faith.* In order to charge common carriers as insurers, they must be treated in good faith; and concealment, artifice or suppression of the truth will relieve them of this liability.

Writ of Error to the Circuit Court of Macon county, the Hon. Charles Emerson, Judge, presiding.

This was an action on the case brought by Mary E. Perkins against the American Express company as common carriers, in the Circuit Court of Macon county, to recover the value of a package containing a wreath, delivered to the company at Decatur, to be taken to Cairo. The wreath was partially made of glass, and when it arrived at Cairo the glass was broken, and the consignee refused to receive it. The case was tried at the August Term, A. D. 1865. A jury being waived, the trial was by the court. Judgment rendered in favor of the plaintiff for seventy-five dollars. The case is brought to this court by writ of error.

On the trial below the plaintiff introduced the following receipt given for the merchandise by defendant:

American Express Company,<br>
*January 9th*, 1865.

Received of M. E. Perkins, Decatur, Illinois, package, said to contain merchandise, valued at seventy-five dollars, marked T. W. Perkins, Cairo, Ill., which we undertake to forward to the nearest point of destination reached by this company, subject expressly to the following conditions, namely: This company is not to be held liable for any loss or damage except as forwarders only, nor for any loss or damage by fire, by the dangers of navigation, by the act of God or of the enemies of the government, the restraints of government, mobs, riots, insurrection, pirates or from or by reason of any of the hazards or dangers incident to a state of war. Nor shall this company be liable for any default or negligence of any person, corporation or association to whom the above described property shall or may be delivered by this company, for the performance of any act or duty in respect thereto, at any place or point off the established routes or lines run by this company, and any such person, corporation or association is not to be regarded, deemed or taken to be the agent of this company for any purpose, but on the contrary, such person, corporation or association shall be deemed and taken to be the agent of the person, corporation or association from whom this company received the property above described.

Nor shall this company be liable for any loss or damage of any box, package, or thing, for over $50, unless the just and true value thereof is herein

stated, nor upon any property or thing, unless properly packed and secured for transportation; nor upon any fragile fabrics, unless so marked upon the package containing the same; nor upon any fabrics, consisting of, or contained in glass. The party accepting this receipt hereby agrees to the conditions herein contained.

> *For the Proprietors,*
>> A. C. FULLER, *Agent.*

Also introduced a witness who stated that the defendant was an express company, and held itself out as a common carrier from Decatur to Cairo; that it would receive from parties in Decatur any package to send to Cairo, or any other point where its line extended, or where it connected with other express companies; that nothing would be said whether packages would be carried all the way by this company, or part of the way by other companies; when this package was received, nothing was said about this company carrying it all the way or part of the way, and then employing other companies to carry it the balance of the way; that it was worth $75; that the line of this company extended to Centralia, and from Centralia to Cairo the business was done by Adams Express company.

Defendant admitted, that, when the package arrived at Cairo, in care of Adams Express company, the glass on the same was broken, and consignee refused to receive it.

On the part of defendant, by consent of plaintiff, the way bills of the Adams Express company and American Express company, marked 1 & 2, and letter of A. M. Barfoot marked 3, were admitted and read in evidence.

"No. 1. The way bill of Adams Express company of date of January 10, 1865, from Centralia to Cairo shows that one box, addressed to T. W. Perkins, Cairo, was received.

"No. 2. The way bill of American Express company of date of January 9, 1865, from Decatur to Centralia, shows that one box, addressed to T. W. Perkins, Cairo, was received.

"No. 3. Letter of A. M. Barfoot states that he recollects the transfer of the box for T. W. Perkins, Cairo, at Centralia, Ill., on January 9, 1865; that he was then agent at Centralia for American Express company extended south; that the box

was received in apparent good order, and was so transferred to Adams Express company at Centralia."

Mr. A. J. GALLAGHER, for the plaintiff in error.

Messrs. POST & BUCKINGHAM, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on the case, brought by Mary E. Perkins against the American Express company as a common carrier. There was a trial by the court and judgment for the plaintiff. The plaintiff below delivered to the company a package, containing a wreath, to be taken from Decatur to Cairo. The wreath was partially made of glass, and when it arrived at Cairo the glass was broken. The receipt given by the company to the plaintiff, and put in evidence by the latter, contained a provision that the company would not be responsible "for any articles contained in or consisting of glass." Without holding that the company could discharge itself, by this proviso, from its liability as a common carrier, unless the plaintiff assented to such proviso, we must, nevertheless, hold that such liability, to its common law extent, did not attach, unless the company was informed what the package contained, in order that a degree of care might be used proportioned to its fragile character. The plainest dictates of fair dealing and good faith required the plaintiff to furnish this information. This principle was settled in the case of the *Chicago and Aurora R. R. Co.* v. *Thompson*, 19 Ill. 578, where it was sought to charge a common carrier for the loss of money in a valise, that had been shipped in a box containing other articles of little value. The company was not informed that the box contained money, and its appearance furnished no indication of that fact, but rather the contrary. The court reviews the authorities and holds, that, in order to charge common carriers as insurers, they must be treated in good faith, and that concealment, artifice or suppression of the truth, will relieve them of this liability. It was held the company should have been informed of the money

being in the box, in order to charge them. So in this case, the company should have been told of the contents of this box before they can be charged for the breakage of so fragile a substance as glass. That they were so informed there is not a particle of evidence. The judgment is reversed and the cause remanded.

*Judgment reversed.*