## LIABILITY FOR MONEY LOST IN TRANSIT.

Court of Appeals of Richland County.

THE ADAMS EXPRESS CO. v. W. O. STARKEY.

Decided, January Term, 1915.

*Exemption from Liability—Contained in a Bill of Lading Issued by an Express Company—Binding on Shipper, When—Money Forwarded in Package as Merchandise and Lost in Transit—Contracts.*

A shipper by express of a package containing money, which fact was not disclosed at the time of shipment, is bound by a clause in the bill of lading which exempts the company from liability for the loss of money in transit not received and carried through its money department, notwithstanding his denial that he agreed to or had any knowledge of such a condition in the contract of shipment.

*McBride & Wolfe,* for plaintiff in error.
*Wm. McE. Weldon,* contra.

SHIELDS, J,; POWELL, J., concurs; VOORHEES, J., not sitting.

This case was originally commenced before a justice of the peace, and a default judgment was rendered against the defendant in favor of the plaintiff. The case was appealed to the court of common pleas, where a trial was had and judgment was rendered against the defendant.

It appeared by the petition of the plaintiff filed in the court below, that on December 20, 1910, a box containing certain goods consisting of books, dress goods, pocket knives, toys, including a twenty dollar gold piece and a five dollar gold piece placed in a nickle plated cup in said box, valued at fifty dollars, was delivered by the plaintiff to the defendant at its office in the city of Mansfield, Ohio, for transportation and delivery to one W. D. Starkey at Zionsville, Indiana, for which the plaintiff paid to the duly authorized agent of said defendant company the sum of fifty-five cents. Said goods and money were not delivered by the defendant company to the said W. D. Starkey, but the said two pieces of gold coin and nickle plated cup and a cer-

tain book were found to have been taken out of said box upon its delivery to the said W. D. Starkey, to his damage in the sum of thirty-two dollars.

By answer the defendant admits that on the date named in said petition certain goods consisting of books, dress goods, nickle plated cup, pocket knives and toys, were delivered to it by the plaintiff at its office in the city of Mansfield, Ohio, for transportation to the party named and at the place named, but it denied all the other allegations of said petition. And further answering it averred that said described goods were delivered to it under and by virtue of the terms of a written contract, which was assented to by the plaintiff, and which said contract, among other things, contained the following:

"Said property is accepted as merchandise only, and the express company shall not be liable in any event for the loss of money, specie, bonds, coupons, or other negotiable paper which the company does not receive or carry except through its money department, provided for that purpose."

That if any money was shipped by the plaintiff it was shipped in violation of the above stipulation in the contract without any knowledge on the part of the defendant that said package contained money, and that said money, if shipped, was not shipped through its money department provided for the purpose of shipping money.

Plaintiff by reply set up that when he delivered said package to the defendant's agent, he asked whether said package could be registered to insure safe delivery thereof on account of the special value of its contents, and was told by said agent that the defendant did not have a department in which packages could be registered, but by placing a proper value on the shipment, the company would be responsible to plaintiff for the safe delivery thereof to the consignee, whereupon he placed a value of fifty dollars on said package, and accepted a receipt therefor, quoted in the second defense of the defendant's answer; that the plaintiff was ignorant of any such provision or stipulation or custom and never assented thereto, nor did he assent to releasing the defendant from liability for loss of the money contained in said pack-

age. He further set up that the agent of the defendant, by his acts and declarations, and by his failure to call plaintiff's attention to the defendant's "money department" misled plaintiff into thinking and believing that the defendant would be responsible for the safe delivery of said package to the consignee up to the full value of fifty dollars, regardless of the contents, and that plaintiff relying thereon delivered said package to the defendant for transportation as alleged in said petition.

With the issues thus made by the foregoing pleadings, the case was submitted to a jury resulting in a verdict for the plaintiff. On the overruling of a motion for a new trial judgment was entered on said verdict, and a petition in error with a bill of exceptions was filed in this court for a review of said judgment.

Numerous errors are assigned in said petition in error, but the view we take of this case will not require us to notice all of them.

In the bill of lading (denominated a contract in the defendant's answer) issued by the plaintiff in error to the defendant in error, upon the delivery of said box to it at its office in the city of Mansfield, it is averred in said answer that said box containing said property was received by the plaintiff in error to be transported and delivered to Zionsville, Indiana, subject to the said conditions contained in said bill of lading, that is:

"Said property is accepted as merchandise only, and the express company shall not be liable in any event for the loss of money, specie, bonds, coupons or other negotiable paper, which the company does not receive or carry except through its money department provided for that purpose."

In the reply it is admitted that such bill of lading or receipt was at said time issued by the plaintiff in error and accepted by the defendant in error. Do these recitals constitute a contract between the said parties? True, the bill of lading or receipt is signed by the plaintiff in error only, and not by the defendant in error, but it is held in the case of *C., H. & D. R. R. Co.* v. *Berdan,* 22 C. C., 326, that:

"A shipper is bound by the conditions of a bill of lading which he accepts at the time of shipping the goods, although he does not sign such bill of lading or agrees to it in writing, if signed by the railroad company and he accepts it."

So too in the case of *Jackson* v. *Ely, Executor,* 57 O. S., 459,
Judge Bradbury in announcing the opinion of the court in that
case, when commenting on the case of *State* v. *Vance,* 6 Ohio, 246,
says:

"There, only the party that received the property signed the
instrument which was in the form of a receipt, but nevertheless
it was held to embody the terms of a contract binding on all par-
ties.    The fact that this party not signing takes into his posses-
sion, control and custody the instrument, establishes his assent
to its terms."

But as stated, while admitting the delivery and acceptance of
this bill of lading or receipt, the defendant in error claimed that
he was ignorant of the contents thereof and was misled by the
representations of the agent of the plaintiff in error into the be-
lief that the plaintiff in error would be liable to the consignee of
said box to the full value of fifty dollars, without regard to its
contents.    The fact that the defendant in error made inquiry of
the defendant's agent if the box could not be registered, or that
he was led to believe from said agent's representations that he
could recover the full fifty dollars, regardless of its contents, if
the plaintiff in error made default in making a safe delivery of
the box, we regard as immaterial; but it is alleged that the de-
fendant in error was not aware of the contents of the bill of lad-
ing or receipt when he accepted it, and that he did not know that
it contained the stipulation set out in said answer and heretofore
referred to.    It is not claimed that said bill of lading or receipt
was issued to him through any fraud or mistake, for neither are
pleaded, nor does it appear that the defendant in error even read
said bill of lading or receipt at the time it was delivered to him
and he accepted it without objection.    Will the law thus permit
a party to a written contract afterward to take advantage of his
own neglect?    We think not, nor do we think that a shipper de-
livering a package or parcel to a carrier with no accompanying
representations that it contains articles of special value can re-
cover for such articles of special value.

Judge Ranney in delivering the opinion in the case of *Wilson*
v. *Hamilton,* 4 O. S., 723, says:

"It is but the dictate of common honesty that he who delivers property to a carrier, knowing it requires peculiar care and attention to its safe transportation, should make known to him the necessity in order that the proper precaution may be used."

Mere notification to the agent of the carrier that a package or parcel is one of importance is not sufficient to charge the carrier with knowledge of its value. The carrier is entitled to know if it be claimed that the contents are valuable. In *Humphrey* v. *Berry*, 184 U. S., 627, it is held:

"The principle which governs the compensation of carriers is that they are to be paid in proportion to the risk they assume. It is the duty of every person sending goods by carrier to make use of no fraud or artifice to deceive him whereby his risk is increased or his care and diligence may lessen."

Again in *American Express Company* v. *Perkins*, 42 Ill., it is held that:

"In order to charge common carriers as insurers, they must be treated in good faith; and concealment, artifice or suppression of the truth will relieve them of this liability."

Without pursuing this subject further, we are of the opinion that the box in question was received and accepted by the plaintiff in error for transportation from Mansfield, Ohio, to Zionsville, Indiana, at the time stated, upon the conditions contained in said bill of lading or receipt, that the acceptance of the same by the defendant in error constituted a binding contract between the plaintiff in error and the defendant in error, and that the latter is now estopped from denying that he had agreed to said conditions.

While we think that the defendant in error is concluded by the stipulation contained in said bill of lading or receipt from recovering for the value of the two gold pieces, we are likewise of the opinion that he is entitled to recover for the value of the book and silver cup lost in transit and described in the petition of the plaintiff below.

Further quoting from the case of *C., H. & D. R. R.* v. *Berdan & Co., supra*:

''Common carrier may limit his common law liability by a fair contract, but he can not limit or avoid his liability for his own negligence.''

Here it is not denied that said book and silver cup fall within the classification of goods covered by the assumed risk, and the judgment of the court of common pleas will therefore be affirmed, upon condition that the defendant in error accept a remittitur of $25 and interest thereon from the        day of 1914, from said judgment, with the costs herein to be taxed against the plaintiff in error; or if the defendant in error shall refuse to accept said remittitur in five days from the rising of this court, the judgment of the court of common pleas will be reversed, and said case will be remanded to said court for further proceedings.