Kunkle, J.
This case comes into this court on appeal. The plaintiff, Josiah Wogoman, as a citizen and taxpayer of Perry township, Montgomery *381 county, Ohio, seeks to enjoin the transfer of certain school territory in said Perry township (being all of school subdistricts Nos. 1,2 and 10 and the north half of subdistrict No. 11) to the village district of Brookville, Montgomery county, such transfer having been made by the county board of education of Montgomery county.
The case has been submitted to this court upon affidavits and the oral testimony of certain witnesses, a transcript of which has been filed with us.
Counsel upon both sides have materially aided the court in the consideration of this case by the exhaustive briefs which they have filed.
We have carefully considered the reasoning contained in such briefs and have examined the authorities cited therein.
We shall not attempt to discuss or distinguish the authorities so cited, but will merely announce the conclusion at which we have arrived after an examination of such authorities.
The plaintiff challenges the constitutionality of Section 4728 et seq., General Code (104 O. L., 136), providing for a county board of education and prescribing the powers and duties thereof.
The objections to the constitutionality of these sections are:
First. That the law is not one of uniform operation.
Second. That the members of'said county board of education are made appointive and not elective.
In regard to the first objection, we think the school system provided by the school act of 1914 is complete, that it provides for every portion of *382 the state, and is, therefore, of uniform operation throughout the state.
It is true the county board of education does not have jurisdiction over cities and the territory annexed thereto for school purposes, and may be excluded from villages containing a population of 3000 inhabitants and upwards by a majority vote of the board of education of the village district.
This, however, does not in our judgment affect the constitutionality of the act.
The legislature in dealing with school districts has power to make a reasonable classification.
Cities of 5000 population and upwards may reasonably require an independent governing board, while the rural districts may reasonably be provided for by local boards under the control of the county.
There is nothing unconstitutional or unreasonable in such separate grouping of districts. The provision making villages with a population of 3000 inhabitants or upwards dependent upon the option of the board of education of the village is also in harmony with the general plan provided for by the said act. The local board of education of each particular village of 3000 inhabitants or more has a right to determine whether the interests of the village would be better subserved by remaining in the county group or becoming a separate district.
The second objection is based upon Sections 1 and 2, Article X of the Constitution, which provide that county officers and township officers shall be elected by the electors of the county and township, respectively.
*383 It is contended that the members of the county board of education provided for in Section 4728 et seq. are county officers within the meaning of Sections 1 and 2, Article X of the Constitution, and should therefore be elected.
We think it is clear that such officials are public officers. State, ex rel., v. Brennan, 49 Ohio St., 33, and other authorities cited by counsel for plaintiff.
The remaining question, therefore, is as to whether such officials are county officers.
We have considered the extensive oral and written arguments of counsel upon this proposition and have reached the conclusion that they are not county officers within the meaning of Article X of the Constitution, but are school district officers within the purview of Article VI of the Constitution.
There has been filed with us the opinion of the court of appeals of the fifth district (Cline v. Martin, ante, 90), written by Judge Houck and concurred in by the other members of that court, holding the section in question constitutional.
We are in harmony with the conclusion reached by that court.
In addition to the reasons suggested by judge Houck, we think the suffrage decisions in respect to boards of education also throw some light upon the question here involved.
The township has always been the nucleus of the township district.
The township district was heretofore controlled by a township board of education.
This board was elective; but the qualification of the electors was not governed by the suffrage pro *384 visions of the constitution, but was subject to legislative limitations. y
Our supreme court in 1850, in the case of The State, ex rel. the Directors of the Eastern and Western School Districts of Cincinnati, v. The City of Cincinnati et al., 19 Ohio, 178, held that the colored patrons of separate school districts for colored children were entitled to vote at elections for and become members of boards of education controlling such schools, although such persons were not at the time qualified electors under either the state or federal law.
This same principle has been announced in the woman’s suffrage cases where women, not qualified electors under the state or federal law, were given the right to vote for and hold the office of member of the board of education: State, ex rel. Mills, v. Board of Elections of Columbus, 9 C. C., 134, affirmed 54 Ohio St., 631. •
It is true that prior to 1914 there was no county-board of education provided for, but it must be remembered that township officers are required by Article X of the Constitution to be elected, and the same principle which would authorize boards of ■education to be chosen by a body other than by the electors of a township would also support the provision authorizing a county board of education to be chosen by an authority other than the qualified electors of the county. It is contended by counsel for plaintiff that in many counties of the state the county board of education would have jurisdiction over the entire county, because of the fact that there was no city therein, or village having a population of 3000 inhabitants or upwards.
*385 We do not think this fact would affect the question. For example the right of women to vote at and hold office under township school-board elections is not affected by the fact that the township school district and the township may be and often are coextensive.
The county in the one instance and the township in the other would.be considered merely school districts for the maintenance and government of schools therein.
Counsel for plaintiff cite the county budget, case, The State, ex rel. Pogue, Pros. Atty., v. Groom, 91 Ohio St., 1.
We think that case is distinguishable from the case at bar for the reason that the budget commissioners were clearly county officers and performed functions relating to the county as a political subdivision.
The county forms the nucleus of the county school district, but the county school district, we think, constitutes a legislative subdivision separate and distinct from the county as a political subdivision.
Upon the question as to whether the county board of education exceeded its powers or abused its discretion in making the transfer of the territory in question, we will frankly state that upon the first hearing of this case we were impressed with the claim of plaintiff that such transfer would work a hardship upon many of the smaller children residing in such territory and also weaken the resources of the Perry township rural school district.
*386 We therefore allowed a temporary injunction with the view of fully considering the case upon its merits before permitting the transfer to take effect.
We have given this branch of the case careful consideration.
We are forced to the conclusion that under the broad grant of power conferred upon the county board of education by the statutes in force when this transfer was made it had authority to make the transfer in question, and that the power to make such transfer can. be questioned only upon the grounds of fraud- or gross abuse of discretion.
While some criticism has been made as to the conduct of certain members of the county board of education, yet we find there is no evidence to sustain any claim of fraud.
The power of the court to review the discretion of the county board of. education is somewhat limited.
The legislature having conferred upon such board the power of making a transfer of territory, this court cannot substitute its judgment for the judgment of the county board of education, upon whom such power has been expressly conferred, and overthrow the decision of such board upon a mere difference of opinion.
In the -case of Hulbert et al. v. Mason, 29 Ohio St., 562, our supreme court say, at page 564: •
“The case made in the plaintiffs’ petition is simply, that under all the circumstances, ‘it is not right and proper’ that the annexation should be made. Whether it is ‘right and proper’ that the annexation should be made is the very question *387 which the act (Sec. 14) submits to the ‘discretion’ of the commissioners, without any provision for an appeal from their decision.” See also case of Moss v. The Board of Education, 58 Ohio St., 354.
If this court were permitted to pass upon the propriety of the transfer of the territory in question as an original proposition, we might refuse to make such transfer, but we are unable to find from the evidence that the discretion of the county board of education has been so grossly abused as to warrant a court of equity in interfering.
This view as to the power of the county board of education and the right of a court to review the discretion has been adopted in the case of Cline v. Martin, ante, 90, and also in the unreported case of the Board of Education of Bennington Township, Morrow County, v. The County Board of Education by the court of appeals of the same appellate district.
The latter case was presented to the supreme court upon an application for a writ of certiorari, and the writ was refused.
The same view was taken by the court of appeals of the sixth district in the case of Johann v. The Board of Education of Milton Township Rural School District, and also by the judges of the fourth appellate district, sitting in Fayette county, in the case of West v. The County Board of Education of Fayette County.
It would therefore follow that a permanent injunction should be refused.
In order to prevent confusion in conducting the schools of Perry township, the temporary injunc *388 tion heretofore granted will be continued until the end of the present school year.

Decree accordingly.

Ferneding and Allread, JJ., concur.