## PECK v. HALE ET AL.

*Fire insurance — Forfeiture clause inoperative, when — Who entitled to proceeds — Property under contract of sale — Deed in
hands of escrow agent — Vendee entitled to proceeds, when —
Judgment on pleadings.*

A sale of real estate had been made and the deed placed in escrow.
While the deed was in the hands of the escrow agent the property was damaged by fire and the insurance money paid to the
vendor, who, on demand, refused to pay it to the vendee. *Held:*

1. The insurance policy did not become void under the general
forfeiture clause of the policy which provided that it should be
void if a change took place in the interest, title or possession of
the subject of the insurance.
2. Payment by the insurance company was for the benefit of the
property, and the money paid to the vendor is for the benefit
of the vendee, providing the vendee complies with the terms of
the escrow agreement.
3. Upon compliance by the vendee with the terms of the agreement
and payment of the purchase price to the escrow agent, who
delivers the deed to the vendee and the money to the vendor, in
the absence of any modification of the original agreement there
is thereby implied a promise on the part of the vendor to pay
over the money received from the insurance company to the
vendee, and the same may be recovered by proper proceedings.
4. Even though the situation thus presented has ordinarily been
regarded as one requiring the intervention of a court of equity
to declare that the insurance money was held in trust for the
vendee, yet when the allegations of the pleadings clearly reveal
the foregoing situation to a court of legal and equitable jurisdiction, and no objection is made to the form of the suit or to
the prayer of the petition, it is not error for the court, upon
motion made, to render judgment upon the pleadings in favor
of the vendee for the amount of said insurance money.

(Decided February 7, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. C. W. Toland,* for plaintiff in error.

*Mr. J. Paul Thompson* and *Mr. Frank C. Scott,* for defendants in error.

DUNLAP, J. We shall state the conclusions at which we have arrived, and the reasons for the same, in our opinion in this case.

The pleadings show that a contract of sale of real estate had been made, and a deed executed in compliance therewith placed in escrow to be delivered to the vendee upon compliance upon his part with the contract, namely, the payment to the escrow agent of the balance of the purchase price, the deed to be delivered to the vendee at the time said purchase price was delivered to the vendor, but during the time the deed was in escrow, and awaiting delivery, the property was damaged by fire and the fire insurance money was paid to the vendor, who refused to pay it to the vendee upon demand. We hold:

*First.* The insurance policy did not become void under the general forfeiture clause of the policy which provided that it should be void if a change took place in the interest, title or possession of the subject of the insurance, that being the usual form of forfeiture in the standard insurance policy in vogue in this state.

*Second.* If a loss from fire occurs during the period of time in which the deed is in escrow, and such loss is paid to the vendor, the same is for the benefit of the property and will be money paid to the vendor for the benefit of the vendee, providing the vendee complies with the terms of the escrow agreement.

*Third.* When, in the absence of any modification of the original agreement, the vendee has complied with the terms of said agreement and paid the purchase price to the escrow agent, who delivers the deed to the vendee and the money to the vendor, there is thereby implied a promise on the part of the vendor to pay over the money received from the insurance company to the vendee, and the same may be recovered by proper proceedings.

*Fourth.* Even though the situation thus presented has ordinarily been regarded as one requiring the intervention of a court of equity to declare that the insurance money was held in trust for the vendee, yet when the allegations of the pleadings clearly reveal to a court of legal and equitable jurisdiction the foregoing situation, and *no objection* is made to the form of the suit or the prayer of the petition, it is not error for the court, upon motion made, to render judgment upon the pleadings in favor of the vendee for the amount of said insurance money.

We find no error prejudicial to the plaintiff in error in the record in this case, and the judgment will be affirmed.

*Judgment affirmed.*

GRANT and WASHBURN, JJ., concur.