**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1364
_____

UNITED STATES OF AMERICA

v.

JOHN KRASLEY,
            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-18-cr-00545-001)
U.S. District Judge: Honorable Edward G. Smith

_____

Argued March 31, 2022

Before:  RESTREPO, ROTH, and FUENTES, *Circuit Judges*.

(Filed: July 11, 2022)

Robert Epstein, Esq. [Argued]
Brett G. Sweitzer, Esq.
Mark T. Wilson, Esq.
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106
        *Counsel for Appellant John Krasley*

Robert A. Zauzmer, Esq. [Argued]
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
        *Counsel for Appellee United States of America*

1

———————————

OPINION[*]

———————————

FUENTES, *Circuit Judge*.

A jury found John Krasley guilty of fourteen counts of transporting, distributing, receiving, and accessing child pornography between 2013 and 2018. A central issue at trial was whether the internet connection used to commit the charged offenses was accessed from inside or outside of Krasley's residence. The Government introduced two sets of evidence for the purpose of "location," to show that the internet connection used for the charged offenses was accessed from inside Krasley's residence: (1) the titles of two deleted video files from 2010 that law enforcement found on a thumb drive in the residence; and (2) deleted chat messages from 2010 that law enforcement found on a desktop computer in the residence. The District Court admitted both sets of evidence with a limiting instruction for the jury to consider the evidence for "location" only and not for propensity purposes. Krasley objected to the admission of the evidence before and during trial, and again on appeal. For the reasons explained herein, we will affirm Krasley's conviction.

I.

The Government charged John Krasley with fourteen counts of transporting, distributing, receiving, and accessing child pornography on specific dates between March 4, 2013 and June 27, 2018, through Internet Protocol ("IP") addresses associated with the

———————————

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

internet router in his residence.[1]   Law enforcement had executed search warrants at Krasley's residence and seized his computers, cell phones, and other electronic devices four times: in 2006, 2009, 2013, and 2018.   But the Government did not find child pornography in Krasley's residence during any of these searches.[2]

Krasley did not dispute that his internet connection was used to view and traffic child pornographic material for the charged offenses, but he denied that he was the person who committed the offenses.[3]   A central issue at trial was therefore "whether the internet activity that [the Government] charged occurred from someone in Mr. Krasley's house, i.e. Mr. Krasley, or someone outside Mr. Krasley's house . . . [who] wasn't him."[4]   To that end, the Government introduced two sets of evidence to show that the internet connection used for the charged offenses was accessed from within Krasley's residence, as opposed to somewhere outside of Krasley's residence.   First, the Government introduced the titles of two deleted video files on a thumb drive that was seized during the 2018 search of Krasley's residence.   The video files were created in November 2010.   The Government could not view the videos themselves, but the titles were "consistent with child exploitation."[5]

---

[1] The charges were two counts of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1); six counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2); two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and four counts of access with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

[2] The Government also did not find the software on any device necessary to communicate on the Gigatribe file-sharing network used for the distribution counts.

[3] Krasley denied ever uploading, downloading, sending, or receiving child pornography from a computer or via the internet.

[4] App. 121.

[5] App. 385.

Second, the Government introduced deleted "internet relay chat" messages[6] that were recovered from the hard drive of a desktop computer seized during the 2013 search of Krasley's residence. The chat messages discussed the trading of child exploitation material, and were also from November 2010.

Krasley objected to the admission of this evidence through counsel before and during trial. Before trial, Krasley moved to exclude the chat messages, claiming that they were inadmissible under Federal Rule of Evidence 404(b) and that their admission would be unduly prejudicial. The Government argued that both the video titles and the chat messages were admissible for the limited purpose of "location," specifically, "the location of the person who used Krasley's internet connection to distribute, transport, receive or access child pornography as charged in the indictment."[7] The Government also argued that "[t]he physical presence" of the evidence on a desktop computer and a thumb drive found in Krasley's residence, even though the files were deleted, "tends to make it more likely that the person using his internet connection for the crimes charged was doing so from Krasley's home."[8] The District Court ruled the disputed evidence admissible over Krasley's objection during a pretrial motions hearing.

Krasley renewed his objection during trial, but the District Court again ruled the evidence admissible. The District Court concluded that: (1) both the video titles and the chat messages were proffered for a proper purpose of "show[ing] the physical location of

---

[6] Internet relay chat ("IRC") messages are from internet chat rooms.
[7] App. 53, 78.
[8] App. 53, 78–79.

the user of Krasley's internet connection, not that [Krasley] had the propensity to commit the crimes charged"[9]; (2) the evidence was relevant "as it makes it more likely that the child pornography trading activity was at least discussed on the [chat messages] . . . from Mr. Krasley's residence in 2010," which in turn "makes it more likely that the child pornography trading activity that occurred on Mr. Krasley's internet [for the charged offenses] did occur from within Mr. Krasley's residence"[10]; and (3) the probative value of the evidence is "high as it establishes a connection between Mr. Krasley's residence and child pornography activity," and also that the evidence is "not unfairly prejudicial."[11]

The District Court gave a limiting instruction to the jury, instructing the jury to consider this evidence only to decide where the person who accessed Krasley's internet and committed the charged offenses was located, and not for any other purpose, including as evidence of Krasley's bad character or propensity to commit crimes.[12]

Aside from the disputed evidence from 2010, the Government also introduced evidence on the specific charged offenses between 2013 and 2018. The jury found Krasley guilty of all fourteen counts of transporting, distributing, receiving, and accessing child pornography. The District Court sentenced Krasley to 240 months' imprisonment, followed by ten years of supervised release. Krasley appealed.

---

[9] App. 419.
[10] App. 419.
[11] App. 420.
[12] The District Court instructed the jury three times: (1) at the presentation of the video titles, (2) at the presentation of the chat messages, and (3) after closing arguments.

## II.

The District Court had subject-matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review a district court's evidentiary rulings for an abuse of discretion.[13] An abuse of discretion occurs where the district court's decision is "arbitrary, fanciful, or clearly unreasonable"— in short, where "no reasonable person would adopt the district court's view."[14] However, we exercise plenary review over a district court's rulings "to the extent they are based on a legal interpretation of the Federal Rules of Evidence,"[15] including "whether evidence falls within the scope of Rule 404(b)."[16]

## III.

On appeal, Krasley argues that the District Court erred in admitting the video titles and the chat messages for three reasons. First, Krasley argues that the Government did not allege, and the District Court did not find, that he committed the prior acts related to the video titles or the chat messages, or that there was sufficient evidence from which the jury could find that he did. Second, Krasley argues that an essential unstated link in the Government's proffer was the propensity inference that Rule 404(b) prohibits—that the person who committed the prior acts in his residence in 2010 was the same person

---

[13] *United States v. Caldwell*, 760 F.3d 267, 274 (3d Cir. 2014); *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010).

[14] *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009) (quoting *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 519 (3d Cir. 2003)).

[15] *Green*, 617 F.3d at 239 (quoting *Complaint of Consolidation Coal Co.*, 123 F.3d 126, 131 (3d Cir. 1997)).

[16] *Id.* (quoting *United States v. Cruz*, 326 F.3d 392, 394 (3d Cir. 2003)).

responsible for the charged offenses. Third, Krasley argues that the District Court erred in conducting a Rule 403 balancing test between the probative value of the evidence and the danger of unfair prejudice. Finally, Krasley argues that the erroneous admission of this evidence was not harmless because there is a significant possibility that at least one member of the jury would have reached a different verdict without it. We discuss each argument in turn.

A.

First, Krasley argues that the District Court erred in admitting the video titles and chat messages as "prior acts" evidence under Federal Rule of Evidence 404(b) because the Government did not argue—nor did the District Court find—that he committed the prior acts. He also argues that there was insufficient evidence from which the jury could find that he committed the prior acts.

Federal Rule of Evidence 404(b) prohibits propensity evidence: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[17] Even so, evidence may be admissible under Rule 404(b) for a non-propensity purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[18] Admissibility under Rule 404(b) requires four elements: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that

---

[17] Fed. R. Evid. 404(b)(1).
[18] Fed. R. Evid. 404(b)(2); *see also Caldwell*, 760 F.3d at 276 ("By introducing the list of permissible purposes with the words 'such as,' the drafters made clear that the list was not exclusive or otherwise limited to a strictly defined class.").

evidence must be relevant to the identified non-propensity purpose; (3) the probative value of the evidence must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, a limiting instruction must accompany the evidence.[19]  Under Rule 404(b), "similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that *the defendant was the actor*."[20]  As a result, "Rule 404(b) only applies to evidence of a *defendant's* other bad acts or crimes, not those of third parties."[21]

The disputed evidence was not proffered as Krasley's prior acts.  The Government did not argue or allege that Krasley viewed the videos or authored the chat messages, or even that Krasley knew of the existence of this material in his residence.  The District Court even acknowledged, "as the Government admits, [the chat messages] cannot be attributed to Mr. Krasley or any other individual."[22]  Since it was not argued or established that Krasley committed any prior acts related to the videos or the chat messages, Rule 404(b) does not apply.[23]  Nevertheless, the evidence is still subject to other rules of evidence.

B.

Second, Krasley argues that the District Court erred in admitting the disputed evidence as relevant despite an impermissible propensity inference that, because Krasley

---

[19] *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017); *Caldwell*, 760 F.3d at 276–78.
[20] *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (emphasis added).
[21] *United States v. Bailey*, 840 F.3d 99, 125 (3d Cir. 2016).
[22] App. 416.
[23] *Cf. Bailey*, 840 F.3d at 125 (holding that Rule 404(b) does not apply to video evidence of a murder in which the Government stipulated that none of the defendants engaged in or plotted to engage in the murder).

8

engaged in child pornography in 2010, he committed the charged offenses of child pornography between 2013 and 2018. Krasley contends that the Government's proffer of "location" as a non-propensity purpose for the evidence was merely a clever substitute for "perpetrator" and an end run around the propensity prohibition under Rule 404(b).

Krasley's argument is unavailing. We already found that Rule 404(b) does not apply because the Government did not argue or allege that Krasley committed the prior acts in 2010. Although Rule 404(b) does not apply, the disputed evidence must be relevant to be admissible. Under Federal Rule of Evidence 401, evidence is "relevant" if (1) "it has any tendency to make a fact more or less probable than it would be without the evidence," and (2) "the fact is of consequence in determining the action."[24] Relevant evidence is generally admissible, so "the bar for what constitutes relevant evidence is low."[25] The District Court held that the evidence was relevant because it makes it more likely that activity related to child pornography occurred within Krasley's residence in 2010, which in turn makes it more likely that the activity for the charged offenses also occurred within Krasley's residence.

We agree. The disputed evidence is relevant because the existence of child pornographic material on devices in Krasley's residence made it more likely that the internet connection used for the charged offenses was also made from within his residence. The evidence therefore helped the jury determine whether to accept or reject Krasley's

---

[24] Fed. R. Evid. 401.

[25] *Forrest v. Parry*, 930 F.3d 93, 114 (3d Cir. 2019) (citing Fed. R. Evid. 402).

defense that the internet connection used for the charged offenses was made from somewhere outside of his residence.

C.

Third, Krasley argues that the District Court erred in the Rule 403 balancing test because the video titles and the chat messages do not have probative value, and because any probative value is substantially outweighed by the danger of unfair prejudice.

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[26] We reverse a district court's conclusion under Rule 403 only if we find the conclusion to be an abuse of discretion, meaning that the conclusion is "arbitrary or irrational."[27] "If judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal."[28]

The District Court here found that the disputed evidence was not unfairly prejudicial and had high probative value because it established a connection between Krasley's residence and child pornographic activity within the residence. The District Court did not reach this conclusion lightly. It received written briefings and heard argument from the parties on the admissibility of the disputed evidence before trial, and it again heard argument from the parties during trial. Each time, the District Court scrutinized the evidence and weighed the probative value against any potential prejudicial effect, as

---

[26] Fed. R. Evid. 403.

[27] *United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657, 665 (3d Cir. 2000) (en banc) (quoting *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 453 (3d Cir. 1997)).

[28] *United States v. Long*, 574 F.2d 761, 767 (3d Cir. 1978).

required by Rule 403.  Each time, the District Court found that the probative value of the evidence was not substantially outweighed by any danger of unfair prejudice.[29]

Furthermore, the District Court instructed the jury three times—once at the presentation of each set of evidence, and again after closing argument—that the jury may consider the disputed evidence *only* to decide where the person who accessed Krasley's internet and committed the charged offenses was located, and *not* for any other purpose such as evidence of Krasley's character or propensity to commit crimes.  The provision of a limiting instruction can alleviate the potential prejudice of evidence admitted over a Rule 403 objection since these instructions mitigate concerns that the jury would use the evidence to draw an improper propensity inference.[30]  Juries are presumed to follow limiting instructions.[31]  The limiting instructions here provide additional support that no unfair prejudice substantially outweighed the probative value of the disputed evidence.

---

[29] On the first day of trial, the District Court expressed concern about the disputed evidence being propensity evidence, about the prejudicial effect of the evidence, and about the jury potentially misusing the evidence.  Despite this initial concern, on the second day of trial, the District Court—presumably after taking the evening to consider the issues again—reaffirmed its earlier holding from the pretrial hearing that the evidence was admissible.  This further demonstrates that the District Court thoroughly considered the evidence under Rule 403.

[30] *United States v. Gonzalez*, 905 F.3d 165, 198 (3d Cir. 2018); *Repak*, 852 F.3d at 247; *see also United States v. Sriyuth*, 98 F.3d 739, 748 (3d Cir. 1996) ("[T]he risk of unfair prejudice was minimized by the district court's instruction to the jury on the limited use of the . . . evidence.").

[31] *See United States v. Lee*, 612 F.3d 170, 191–92 (3d Cir. 2010); *United States v. Givan*, 320 F.3d 452, 462 (3d Cir. 2003).

We do not find that the District Court acted arbitrarily or irrationally in admitting either the video titles or the chat messages over Krasley's objections. We therefore find that the District Court did not abuse its discretion in admitting the disputed evidence.

D.

Finally, Krasley argues that the erroneous admission of the disputed evidence was not harmless because there is a significant possibility that at least one member of the jury would have reached a different verdict without the evidence. We are not convinced.

As we have already stated, the District Court did not err in admitting either the video titles or the chat messages. Nevertheless, even if the admission of this evidence were erroneous, any error was harmless. "An evidentiary error is harmless if 'it is highly probable that the error did not contribute to the judgment,' which 'requires that the court possess a sure conviction that the error did not prejudice the defendant.'"[32] The Government presented abundant direct and circumstantial evidence for the jury to reach the same verdict, without needing to consider the disputed evidence.[33] This other evidence includes evidence showing that: the IP addresses associated with Krasley's internet router were the same IP addresses used for each of the charged offenses; Krasley was present in his home on the dates and times that child pornographic activity occurred for the charged offenses; the neighbors were unlikely to receive a usable signal from Krasley's router due

---

[32] *Bailey*, 840 F.3d at 124 (quoting *United States v. Zehrbach*, 47 F.3d 1252, 1265 (3d Cir. 1995) (en banc)).

[33] *Cf. id.* (finding that the district court's erroneous admission of video evidence was harmless where the Government presented "abundant evidence" of the charges and the defendant's liability).

to their distance from Krasley's residence and the unique password for his router; and connections to the file-sharing network Gigatribe by usernames known to be used by Krasley correlated with Krasley's presence and absence from his residence. Based on the totality of the Government's evidence, it is highly probable that the admission of the video titles or the chat messages—if erroneous—did not contribute to the jury's verdict.[34]

## IV.

For the foregoing reasons, we will affirm Krasley's conviction.

---

[34] We again note that the District Court gave a limiting instruction on the disputed evidence three times. As discussed earlier, juries are presumed to follow limiting instructions, which undermines Krasley's argument that the jury used the disputed evidence for the exact purpose for which they were instructed not to use the evidence.